UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY, | No. C-10-05113-DMR |
| Plaintiff, | [Member Cases:<br>No. C-10-05115-DMR |
| v. | No. C-10-05116-DMR] |
| STATE OF CALIFORNIA, | **REPORT AND RECOMMENDATION RE PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSAL OF COMPLAINT WITHOUT PREJUDICE** |
| Defendant. | |
| _____/ | |

Plaintiff Marc Olin Levy filed a Complaint and an Application to Proceed *In Forma Pauperis* before this Court, in which he named the State of California as the Defendant (Lead Case No. C-10-05113). *See* Docket Nos. 1 & 2. On the same day, Plaintiff simultaneously filed three other federal court complaints based on the same set of allegations but separately naming as other Defendants the Private Defender Program (Case No. C-10-05114), Telecare Corporation (Case No. C-10-05115), and San Mateo County (Case No. C-10-05116). Judge Zimmerman issued an order in *Levy v. Private Defender Program* (Case No. C-10-05114), in which Plaintiff's complaint against the Private Defender Program was dismissed with leave to amend.[1] The two other federal cases filed

---

[1] Upon Plaintiff's subsequent failure to timely file an amended complaint, Judge Zimmerman issued a Report and Recommendation that recommends dismissal of Plaintiff's complaint against the Private Defender Program, under Federal Rule of Civil Procedure 41(b). Judge Zimmerman then reassigned the case to a District Judge. *See* Docket Nos. 5 & 6 (in Case No. C-10-05114).

by Plaintiff against Telecare Corporation and San Mateo County were related to the lead case before the undersigned, *Levy v. State of California* (Case No. C-10-05113).

Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a magistrate judge in *Levy v. State of California* (Case No. C-10-05113) and in *Levy v. Telecare Corporation* (Case No. C-10-05115). Plaintiff has not filed a consent in the third related case, *Levy v. San Mateo County* (Case No. C-10-05116). Since Plaintiff's Complaints against all Defendants appear to rest on the same set of allegations and more properly should have been filed as one lawsuit, the Court finds it appropriate to address in a single opinion Plaintiff's Application to Proceed *In Forma Pauperis* and the sufficiency of Plaintiff's three Complaints under 28 U.S.C. § 1915(e). However, because the Court lacks Plaintiff's consent in one of the three related cases, the Court issues herein a Report and Recommendation on the three cases and reassigns them to a District Judge for final disposition.

As set forth fully below, it is recommended that Plaintiff's Complaints be DISMISSED without prejudice to Plaintiff's later re-filing of a § 1983 damages action if and when his civil commitment of which he complains is invalidated, under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and to the extent Plaintiff is able to allege sufficient facts to proceed against properly-named defendants. The Court also recommends that Plaintiff's claims as to those defendants against whom Plaintiff may not maintain a § 1983 claim be DISMISSED with prejudice.

**A.      Plaintiff's Application to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a court can allow a federal suit to be filed *in forma pauperis*, without prepayment of fees, "by a person who submits an affidavit... that the person is unable to pay such fees or give security therefor." Because Plaintiff has filed an affidavit adequately attesting that he is without the means to pay the filing fee in this action, the Court recommends granting Plaintiff's Application to Proceed *In Forma Pauperis* in all three actions.

**B.      Standard of Review of Plaintiff's Claims**

Section 1915 requires a court to dismiss a complaint prior to service if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). *Pro se* complaints should be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Where a *pro se* plaintiff is proceeding *in*

2

*forma pauperis*, dismissal without leave to amend is appropriate only if it is clear that no amendment can cure the defect. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citations omitted).

Under the Federal Rules of Civil Procedure, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted) (alteration in original). A complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**C.     Dismissal of Plaintiff's Complaints**

Plaintiff's Complaints against the State of California, San Mateo County, and Telecare Corporation involve the same central allegations: that beginning in 2007, the Defendants wrongfully conspired to civilly commit him "for the rest of [his] life" through conservatorship proceedings,[2] even though Plaintiff claims that he is not dangerous and is able to care for himself. Although Plaintiff's allegations are not entirely clear, it seems his conservatorship commenced sometime in 2008 and that it is still ongoing. After filing his Complaints, Plaintiff submitted a series of letters stating that he has been "held" at a medical facility since December 22, 2010, "the day [he] told [his] conservator that [he] had sued the County, the State, and Telecare Corp." *See, e.g.*, Docket No. 11 (in Case No. C-10-05113). Plaintiff's Complaints, which seek monetary damages against Defendants for alleged violations of his federal Constitutional rights, appear to assert a claim for relief under 42 U.S.C. § 1983.

---

[2] California Welfare and Institutions Code § 5350 *et seq.*, governs conservatorship proceedings for persons who are determined to be gravely disabled as a result of a mental disorder. Plaintiff's civil commitment seems to have occurred in the course of criminal charges against him. In his Complaints, Plaintiff cites several criminal code provisions, including California Penal Code §§ 1367, 1368, 1370, and 4011.6, which in turn reference mental health treatment and evaluation procedures under the Welfare and Institutions Code.

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged deprivation was committed by a "person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's Complaints fail to state a claim upon which relief can be granted, for two reasons: first, Plaintiff has named Defendants who may not be sued for monetary damages under § 1983, or against whom the allegations are insufficient to establish § 1983 liability; and second, Plaintiff's claim for such damages has not accrued – and therefore may not be brought yet – under the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**1.    The State of California as Defendant (named in Case No. C-10-05113)**

Plaintiff's Complaint against the "State of California" fails because the state is not a "person" for purposes of § 1983. *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Thus, such a claim is without arguable legal basis and is therefore legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 640-41 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**2.    San Mateo County as Defendant (named in Case No. C-10-05116)**

While "municipalities and other local government units...[are] among those persons to whom § 1983 applies[,]" a municipality "cannot be held liable *solely* because it employs a tortfeasor...." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 691 (1978) (emphasis in original). Instead, a municipality may be held liable under § 1983 where the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Thus, the "touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution...." *Id*. In addition, local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690-91. *See also Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc) (counties are amenable to § 1983 liability for constitutional deprivations resulting from application of governmental policy or custom). Here, Plaintiff alleges that beginning in 2007, the County of San Mateo illegally

4

attempted and succeeded in civilly committing Plaintiff.  Plaintiff does not state any facts establishing a plausible claim that the alleged actions of San Mateo County were due to an official municipal policy or custom that deprived Plaintiff of his constitutional rights.  Thus, Plaintiff's Complaint against San Mateo County fails to state a claim upon which relief can be granted.

### 3. Private Defender Program and Judges as Defendants

Liberally construed, Plaintiff's Complaints could be read as asserting claims against several individuals, though not named as defendants, who allegedly illegally conspired to civilly commit him, including various attorneys who represented Plaintiff as part of the Private Defender Program in San Mateo County,[3] as well as judges.  However, this reading does not save Plaintiff's Complaints from dismissal.  As noted above, finding that the Private Defender Program did not "act under color of state law" in providing legal services to Plaintiff, Judge Zimmerman has dismissed Plaintiff's complaint against the Private Defender Program.  *See* Docket No. 4 (Order at 2) (in Case No. C-10-05114) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions as counsel to indigent defendant)).  Moreover, "[j]udges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).  Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."  *Id*.  Even when judges are accused of acting maliciously, corruptly, or erroneously, judicial immunity remains.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority.").  Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply here.

---

[3] Judge Zimmerman has noted that the Private Defender Program is a division of the San Mateo County Bar Association that has a contract with the County to provide criminal defense services to indigent clients.  *See* Docket No. 4 (Order at 1 n.1) (in Case No. C-10-05114).

5

#### 4. **Telecare Corporation as Defendant (named in Case No. C-10-05115)**

In addition to the foregoing Defendants, Plaintiff also asserts that a company called Telecare Corporation ("Telecare") was part of the conspiracy to have him civilly committed based on the perjured testimony and mental health evaluation of Plaintiff by Dr. Lee, whom Plaintiff identifies as a staff psychiatrist at Cordilleras Mental Health Rehabilitation Center ("Cordilleras"). Plaintiff appears to allege that Telecare is the parent company of Cordilleras, where Plaintiff was civilly committed for a period of time, and that Telecare is therefore liable for Dr. Lee's actions that led to Plaintiff's conservatorship.

First, with respect to Telecare, without more information than is provided in the Complaint, it is unclear whether Telecare is a private company contracting with the state. If so, the Ninth Circuit has held that "state sovereign immunity does not extend to private entities," which thus are not entitled to "sweeping immunity from suit." *Del Campo v. Kennedy,* 517 F.3d 1070, 1076, 1080-81 (9th Cir. 2008). It is possible then that Telecare Corporation properly may be named as a defendant in a § 1983 damages action. However, to the extent Plaintiff is also seeking damages against Dr. Lee (though he is not named as a defendant), Plaintiff may not sue Dr. Lee on the basis that he perjured himself at the conservatorship hearing. Dr. Lee is entitled to absolute witness immunity from damages liability under § 1983 based on his testimony at a judicial proceeding. *See Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (extending absolute immunity to psychiatrist for testimony at trial). Moreover, any § 1983 claim for monetary damages that Plaintiff possibly could assert against either Telecare and/or Dr. Lee (based on allegations other than his hearing testimony) is nonetheless barred under *Heck v. Humphrey*, as explained below.[4]

#### 5. *Heck v. Humphrey* **Bars Suit**

Separate from the issue of which Defendants properly may be sued in a § 1983 action for damages, Plaintiff's Complaint must be dismissed under what is known as the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or

---

[4] The Court need not reach the question of whether Telecare Corporation could be held liable for the actions of Dr. Lee.

6

imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. Thus, a § 1983 action may not lie and the complaint must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," and that conviction or sentence has not already been invalidated. *Id*. at 487. The Ninth Circuit has applied *Heck* to detainees under an involuntary civil commitment scheme where a habeas petition may be used to challenge a term of confinement. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005). If success on a § 1983 action would necessarily imply the invalidity of the detainee's civil commitment, the claim for damages is barred by *Heck*. *Huftile*, 410 F.3d at 1140-41.

Here, the crux of Plaintiff's Complaints against all Defendants is that a conspiracy existed to illegally civilly commit him for the rest of his life. Thus, Plaintiff's central dispute is with the fact of his civil confinement, for which he seeks monetary damages based on an allegedly wrongful assessment that he was dangerous and could not take care of himself. At its core, the success of Plaintiff's § 1983 action would necessarily imply the invalidity of his civil commitment. *See Huftile*, 410 F.3d at 1141 (where plaintiff sued a doctor who performed mental health evaluation that was one of two evaluations required for plaintiff's civil commitment, a successful judgment in favor of plaintiff in his § 1983 damages action would necessarily imply invalidity of civil commitment).

Finally, no exception to the *Heck* rule applies. The Court notes that although the Supreme Court has commented that unavailability of habeas relief may dispense with the *Heck* requirement, this issue is not "settle[d]." *See Muhammad v. Close* 540 U.S. 749, 752 n.2 (2004) (citing *Heck,* 512 U.S. at 491 (Souter, J., concurring in judgment), and *Spencer v. Kemna*, 523 U.S. 1, 21-22 (1998) (Ginsburg, J., concurring)). While the Ninth Circuit has held that *Heck* does not bar a § 1983 claim if habeas relief is unavailable in certain limited cases, *see Nonnette v. Small*, 316 F.3d 872, 875-77 (9th Cir. 2002), the Ninth Circuit has also explained that the exceptions to *Heck* as set forth in *Nonnette* were "founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to

those claims and could not seek habeas relief *only because of the shortness of his prison sentence*." *See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (emphasis added). Thus, "a § 1983 plaintiff's timely pursuit of available habeas relief is important." *Id*. A "self-imposed" failure to timely pursue such relief will not shield a plaintiff against the imposition of the *Heck* rule. *Id.* Accordingly, "[t]he fact that [a § 1983 plaintiff] is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not life *Heck's* bar" where the plaintiff has allowed the time for filing a habeas petition to lapse. *Id*. at 704-05 (finding that plaintiff's § 1983 claims were barred by *Heck* even though plaintiff was no longer in custody and habeas relief may be "impossible as a matter of law" because nearly three years had passed before plaintiff took any action); *see also Williams v. Waggener*, No. C 07-2557 MMC, 2007 WL 1713283, at *2 (N.D. Cal. June 13, 2007) (*Heck* bar applied even though plaintiff completed his sentence and could no longer overturn his conviction by means of federal habeas petition, where plaintiff's prior federal habeas petition was dismissed as untimely). Indeed, the Ninth Circuit has limited the reach of exceptions to the *Heck* rule by emphasizing that "*Nonnette's* relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters.'" *See Guerrero*, 442 F.3d at 705 (quoting *Nonnette*, 316 F.3d at 878 n.7).

In this case, it does not appear from Plaintiff's return address on the Complaints that at the time of filing he was confined to a mental health facility, which thus potentially raises the question of whether Plaintiff was not "in custody" or may not have standing for habeas purposes if his initial term of civil confinement has expired. However, persons subject to civil conservatorship may reside outside a mental health facility, so Plaintiff's return address on the Complaints does not necessarily evidence that he was not subject to civil confinement at the time of filing his Complaints. *See, e.g.*, Cal. Welf. & Inst. Code § 5358 (indicating conservatee may be placed in his home, home of relative, or suitable facility as close as possible to his home or home of relative). In addition, since initiating his suits, Plaintiff has in fact indicated that he still has a conservator and is now being civilly detained once again at a medical facility. *See* Docket No. 11 (in Case No. C-10-05113). Thus, it appears that Plaintiff's conservatorship subjecting him to civil confinement has been ongoing since 2008. Even if that is not the case and his initial civil commitment term had expired when Plaintiff

filed the instant Complaints, Plaintiff may still be able to bring a federal habeas petition challenging his initial civil commitment term due to what appears to be the initiation of civil recommitment proceedings. *Cf. Huftile*, 410 F.3d at 1142 (where current petition to recommit plaintiff under the Sexually Violent Predators Act was directly traceable to plaintiff's initial term of civil confinement, plaintiff had standing for federal habeas purposes to challenge his initial civil commitment even if that term had expired).

Moreover, even if it is impossible as a matter of law for Plaintiff at this point to seek federal habeas relief[5] for the period of civil confinement that he essentially seeks to invalidate through his Complaints, two years or more have lapsed since Plaintiff's initial underlying civil commitment apparently commenced in 2008. Furthermore, Plaintiff alleges that he has unsuccessfully applied for habeas corpus twice, apparently in state court.[6] This does not appear to be a situation where Plaintiff's civil commitment was too short for Plaintiff to seek federal habeas relief. Rather, if federal habeas relief is unavailable, it appears that Plaintiff has allowed the time for filing a federal habeas petition to lapse, and the *Heck* rule therefore applies.

Accordingly, *Heck* precludes Plaintiff from asserting a claim for damages based on his civil commitment, including Plaintiff's challenges to the mental health evaluation that was used as the basis of his conservatorship. Plaintiff's cause of action for damages under § 1983 will not accrue unless and until the civil commitment decision of which he complains is set aside. *See Huftile*, 410 F.3d at 1142.

Thus, the Court recommends that all three of Plaintiff's Complaints be DISMISSED without prejudice to Plaintiff's later re-filing of a § 1983 damages action if and when his civil commitment is

---

[5] The Court is not expressing an opinion as to whether this is in fact the case, especially as the record remains unclear as to whether Plaintiff's initial term of civil commitment has even technically expired.

[6] A person in state custody must fully and fairly present his claims to state courts before seeking federal habeas relief. *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999) (citations omitted). Congress has imposed a one-year statute of limitations on the filing of a federal habeas petition by a state prisoner, but the statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 & n.3 (9th Cir. 2008) (citing *Nino*, 183 F.3d at 1006).

invalidated, *see Huftile*, 410 F.3d at 1142, and to the extent Plaintiff is able to allege sufficient facts to proceed against properly-named defendants. The Court also recommends that Plaintiff's claim as to the State of California be DISMISSED with prejudice, as the State is not a proper defendant under § 1983. Similarly, the Court recommends that Plaintiff's claim as to individually-identified attorneys who represented Plaintiff as part of the Private Defender Program, insofar as Plaintiff may be attempting to include them as defendants, be DISMISSED with prejudice. Judge Zimmerman has recommended dismissal of a separate complaint against the Private Defender Program based on the same set of allegations. Finally, as any amendment would prove futile at this juncture, the Court recommends that Plaintiff should not be granted leave to amend, and that the Clerk be ordered to close the file in all three Complaints, *Levy v. State of California* (Case No. C-10-05113), *Levy v. Telecare Corporation* (Case No. C-10-05115), and *Levy v. San Mateo County* (Case No. C-10-05116).

Dated: February 1, 2011

DONNA M. RYU
United States Magistrate Judge

10